IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

Chicago Regional Council of       )
Carpenters Pension Fund, et al.,  )
                                  )
                Plaintiffs,       )
                                  )
        v.                        )      13 C 1655
                                  )
Athletic Surfaces Equipment and   )
Stalker Flooring, Inc.,           )
                                  )
                Defendants.       )


                        MEMORANDUM ORDER

    Stalker Flooring, Inc. ("Stalker"), one of the two defendants in this ERISA action by two employee benefit funds (collectively "Trust Funds"), has filed a motion seeking dismissal of the Complaint based on Stalker's approach to the Twombly- Iqbal canon devised by the Supreme Court to replace the long-established and more forgiving Conley v. Gibson doctrine. That however impermissibly glosses over the problem that plaintiffs such as Trust Funds encounter in seeking to proceed under the familiar alter ego theory that permits the pursuit of nonparties to collective bargaining agreements to recover delinquencies on the part of their related entities who are or were such parties.

    To be sure, Complaint ¶¶ 7-10 state in more general terms (rather than through chapter-and-verse factual allegations) the predicate for Stalker's potential liability for amounts unpaid by its asserted affiliate Athletic Surfaces Equipment ("Athletic"),

which was a direct party to collective bargaining agreements that required contributions to the multiemployer plans creating the Trust Funds. But that is inherent in the alter ego situation, where the party asserting the doctrine cannot fairly be expected to know in advance what's in the figurative black box that must be penetrated to provide the type of particulars that Stalker tries to make a precondition to its being sued at all.

It may be that Trust Funds will strike out in their effort to hold Stalker liable under the audit of both Stalker and Athletic that has been conducted before suit was brought. That however does not justify Stalker in withholding access to the relevant facts from Trust Funds -- an effort to cut them off at the pass. Stalker's motion is denied, and it is ordered to answer the Complaint on or before July 15, 2013. This Court retains the previously-scheduled August 27, 2013 status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Dated: July 1, 2013